UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRYWALL TAPERS AND POINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF ALLIED PAINTERS AND ALLIED TRADES, AFL-CIO, and TRUSTEES OF THE DRYWALL TAPERS AND PAINTERS LOCAL UNION NO. 1974 BENEFIT FUNDS,<br><br>                                 Petitioners,<br><br>-against-<br><br>CCC CUSTOM CARPENTRY CORP.,<br><br>                                 Respondent. | 24-CV-3586 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Petitioners Drywall Tapers and Pointers of Greater New York Local Union 1974 (the "Union") and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (collectively, "Petitioners") seek an Order and Judgment confirming the December 29, 2023, arbitration decision and award (the "Award") of the Joint Trade Board of the Drywall Tapers Industry (the "Joint Trade Board"). For the reasons stated herein, the petition is GRANTED.

## BACKGROUND

Petitioners filed this petition to confirm an arbitration award on May 9, 2024. ECF No. 1. Respondent was served on May 17, 2024, with proof of service filed on May 20, 2024. ECF No. 8. On May 22, 2024, the Court ordered Respondent to respond with any opposition by June 21, 2024. ECF No. 9. Respondent has not done so. Accordingly, the Court treats the Petition as an unopposed motion for summary judgment and accept Petitioners' factual assertions as true. *See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity*

*Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Rici Corp.*, No. 24-CV-1853 (VEC), 2024 WL 2874587, at *2 (S.D.N.Y. June 6, 2024). These facts are as follows:

Petitioner Union and Respondent CCC Custom Carpentry Corp. are parties to a collective bargaining agreement ("CBA") which provides for the submission of disputes to final, binding decisions of the Joint Trade Board. ECF No. 1 ("Pet.") ¶¶ 5, 6. A dispute arose when Respondent failed to submit remittance reports in violation of the CBA. *Id.* ¶ 7. Pursuant to the terms of the CBA, the Union filed a Demand for Arbitration with the Union's Joint Trade Board. *Id.* ¶ 8. The Joint Trade Board held a hearing and issued the Award on December 29, 2023. *Id.* ¶ 9. The Award determined that Respondent violated the CBA by failing to submit remittance reports for weeks ending June 20, 2023, through October 24, 2023, and directed CCC to pay $9,500 in fines to the "Joint Board of the Drywall Tapers Industry." *Id.* ¶¶ 10–11. Although Respondent was served with the Award and a demand letter to comply, Respondent has not complied with the Award. *Id.* ¶¶ 13, 14. Neither has Respondent filed a motion to vacate or modify the Award, or otherwise filed any correspondence with this Court. *Id.* ¶ 17.

## DISCUSSION

Petitioners seek an Order confirming the arbitration award,[1] as well as payment of attorneys' fees and costs.

**I.     The Arbitration Award is Confirmed**

Proceedings to confirm an arbitration award must be "treated as akin to a motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). On

---

[1] The Court has jurisdiction to enforce the arbitration award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). *See, e.g.*, *Trustees of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 601 (2d Cir. 2024). Venue is proper pursuant to Section 301 of the LMRA and 28 U.S.C. Section 1391(b), as Petitioner Union maintains its principal office in this District. Pet. ¶¶ 1–2. The Court has personal jurisdiction over Respondent, which is incorporated in the State of New York and has its last known principal offices in New York. Pet. ¶ 4. *See, e.g.*, *Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. Pal AMG Inc.*, No. 22-CV-06105 (LJL), 2023 WL 2786821, at *2 (S.D.N.Y. Apr. 5, 2023).

an unopposed motion for confirmation of an arbitration award, a court must first examine the petition "to determine if it has met its burden of demonstrating that no material issue of fact remains." *Id.* at 110 (citing *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). If the evidence submitted in support of the petition does not meet the movant's burden of production, then the petition must be denied. *Id.*

Nonetheless, judicial review of an arbitration award is narrowly limited. *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991). "[A]rbitrators need not explain their rationale for an award. . . [r]ather, if a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." *Id.* at 121 (internal quotation marks and citations omitted). Moreover, a district court is not permitted to "vacate an arbitral award merely because it is convinced that the arbitration panel made a wrong call on the law." *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004). "[T]he award 'should be enforced, despite a court's disagreement with it on its merits, if there is a *barely colorable justification* for the outcome reached." *Id.* (quoting *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)).

Here, the Award sufficiently states a colorable justification for the outcome reached. The Joint Trade Board was explicit about its grounds for the Award: The Joint Trade Board held a hearing between the parties and found that Respondent violated the CBA by failing to submit remittance reports. ECF No. 2-1 at 3. Accordingly, the Court confirms the Award.

II.     **Petitioners Are Entitled to Attorneys' Fees and Costs**

The Court may award attorneys' fees and costs in an action to confirm an arbitration where the Respondent has refused to comply with the arbitration award without justification. *New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 03-

3

CV-5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (citing *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Courts have awarded attorneys' fees on this ground when a respondent fails to pay the award and then fails to oppose the action to confirm the award or fails to file a motion to vacate or modify the award. *See, e.g.*, *Int'l Chem. Workers Union*, 774 F.2d at 47; *In Matter of Arb. between Soft Drink & Brewery Workers Union Loc. 812, IBT, AFL-CIO*, No. 95-CV-8081 (SAS), 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996).

Here, Respondent has not only failed to comply with the Award, but also has not filed a motion to vacate or modify the Award, nor opposed this petition. Respondent has had opportunity to, but failed to, provide justification for their failure to comply. As such, fees and costs are warranted.

The Court has reviewed counsel's affirmation, which includes a reasonable hourly rate for counsel. *See Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. Pal AMG Inc.*, No. 22-CV-06105 (LJL), 2023 WL 2786821, at *5 (S.D.N.Y. Apr. 5, 2023) ("With respect to Ms. Kugielska, specifically, courts in this District have most recently found that a rate of $300 an hour for her work on similar cases was reasonable."). The 8.4 hours of attorney time incurred by counsel as detailed in her affirmation (ECF No. 10 ¶¶ 6–7) was also reasonable. *See id.* (finding that "at most, eight hours of associate attorney time were reasonably incurred in litigating [the] case."). As such, the Court finds that an award of $2,520.00 in attorneys' fees and $527.00 in costs as specified in Petitioners' Attorney Affirmation in Support of Fees and Costs is appropriate.

Petitioners also seek post-judgment interest. ECF No. 1-1 at 4. Awards of post-judgment interest are mandatory under 28 U.S.C. § 1961, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109,

4

113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in action to confirm arbitration award); *Trustees for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15-CV-6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016). Section 1961 calculates post-judgment interest "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. . . the date of judgment." 28 U.S.C. § 1961(a). Accordingly, the Court awards interest to accrue from the day judgment is entered until payment is made at the statutory rate.

## CONCLUSION

For the reasons stated above, Petitioners' Award is CONFIRMED. In addition, Petitioners are AWARDED attorneys' fees and costs in the amount of $3,047.00, plus post-judgment interest in accordance with 28 U.S.C. § 1961(a). The Clerk of Court is directed to enter judgment in accordance with this Order and to close the case.

Dated: December 11, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge